IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) |  |
| Plaintiff/Counter-defendant; | ) ) |  |
| v. | ) ) | Case No. 2:16-cv-738-TMP |
| JEFFREY L. CHISM, | ) ) |  |
| Defendant/ Counterclaimant. | ) |  |

## **MEMORANDUM OPINION**

This action was brought pursuant to 28 U.S.C. § 2201, which provides that a federal court "may declare the rights and other legal relations" of the parties. This declaratory judgment action was filed by plaintiff Nationwide Property and Casualty Insurance Company ("Nationwide"), seeking a declaration that the insurer owes no uninsured/underinsured motorist coverage ("UM/UIM") to defendant Jeffrey L. Chism. This matter is before the court on the court's *sua sponte* motion for summary judgment. (Doc. 22). The court notified the parties that it appeared that an express exclusion in the policy at issue demonstrated that, as a matter of law, no UIM coverage was provided to Chism. (Doc. 22, p. 12). The parties have fully briefed the issue. The defendant filed a brief in opposition to the court's notice

regarding summary adjudication (Doc. 27), supported by exhibits. Plaintiff filed a reply, and evidence in support of the reply. (Docs. 30, 31). Defendant filed a supplemental response (Doc. 37), and the plaintiff filed a sur-reply (Doc. 38), to which the defendant filed a response. (Doc. 39). The parties have consented to the exercise of final dispositive jurisdiction by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex,

477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute

is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all

4

justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## **FACTS**

Viewing the evidence provided by both parties in the light most favorable to the defendant, Chism,[1] the following facts are relevant for purposes of the motion for summary judgment.

Nationwide filed this action seeking declaratory relief, requesting that the court declare the parties' rights and liabilities pursuant to a policy of automobile insurance, Policy No. 77 01 C 408074, that was issued to Omiku Chism, the defendant's mother. The policy covered three vehicles: a 2005 Chevrolet Silverado, a 2004 Mercedes Benz S1500, and a 2009 Nissan Maxima, and included $25,000/$50,000 in coverage for uninsured or underinsured motorists. The policy covered a period from April 30, 2015, until October 30, 2015.

On October 13, 2015, during the coverage period, the defendant was involved in an automobile accident while driving a 2003 GMC Sierra 3500 owned by his

---

[1] Because the court's *sua sponte* motion raises the position taken by the plaintiff, the defendant is considered the nonmovant for purposes of summary adjudication.

father, Jeffrey C. Chism. The 2003 GM Sierra was insured by Progressive Insurance Company, which is not a party to this action. The GM Sierra was not covered by the Nationwide policy owned by Omiku Chism. (Doc. 27, p. 3). As a result of the accident, the defendant was injured and incurred medical expenses of more than $100,000. The driver of the car that struck the defendant was insured by Alfa Insurance Company, which paid its policy limits of $25,000 to the defendant on December 16, 2015. It is undisputed that, absent some exclusion, the Nationwide contract would include coverage for the defendant as a resident relative of the named insured.

The declarations pages of the policy expressly excluded Jeffrey L. Chism "from all coverages and all vehicles on the policy." (Doc. 1-1). On page 2 of 4 of the declarations pages, the following appears:

> **Excluded Driver(s)**
>
> **The following driver(s) are excluded from all coverages and all vehicles on the policy:**
>
> Jeffrey L. Chism

See Doc. 1, p. 15 of 54 (bolding as in original). All but the words, "Jeffery L. Chism," appear to be a standard printed part of page 2 of the declarations pages.

6

Attached to the policy was Endorsement 3000, titled "Voiding Automobile Insurance While A Certain Person Is Operating Car," which stated that "[w]ith this endorsement, the coverages provided in this policy are not in effect while: [BLANK] is/are operating any **motor vehicle** to which the policy applies." The endorsement was not filled in, however, as neither the name of any excluded driver nor the policy number are referenced in the endorsement. (Doc. 27-6, p. 3 of 11; Doc. 1, p. 50 of 54).

Policyholder Omiku Chism did not reject UM/UIM coverage on the policy at issue.[2] Initial briefing included no dispute over whether the policy expressly excluded coverage for the defendant. There also is no dispute that Omiku Chism intended to exclude her son from coverage, or that Jeffery L. Chism understood that he was excluded from coverage under his mother's policy. (Doc. 31-1 p. 20, Depo. of Jeffery L. Chism). She expressly stated that she wanted to exclude Jeffery from coverage, and Jeffery was aware of her decision to exclude him. In

---

[2] The defendant's brief also asserts as fact, based on responses to interrogatories and requests for admissions, that the defendant did not reject UM/UIM coverage on the policy, and that Jeffrey C. Chism, the defendant's father, did not reject coverage for UM/UIM coverage on the policy. The court finds these facts irrelevant in that there is no authority for the proposition that a person who is not a policyholder can reject coverage. This is not a case in which the named insurer and owner of the policy failed to include UM/UIM coverage in the absence of the specific rejection required under Alabama law. See McCullough, 404 So. 2d, 637, 474 (Ala. 1981). The parties agree that UM/UIM coverage was included in the policy. The dispute is whether defendant Jeffrey L. Chism was effectively excluded from the coverage by the statement on the declarations page.

the defendant's supplemental response, however, the defendant asserts that the exclusion cannot be considered part of the contract at issue because, at neither the time the contract was entered nor at the time the accident occurred, it had not been submitted to and approved by the Alabama Department of Insurance ("DOI"), as required by Alabama Code § 27-14-8.

Defendant Chism has offered the affidavit of James Williamson, a Rate Analyst III with the Alabama Department of Insurance. He testified that Nationwide submitted to the Department one page of its multi-page declaration page form for approval on October 27, 2011. The page containing the exclusion language quoted above was *not* submitted, or at least there is no evidence it was submitted, according to Williamson. See Doc. 37-3. Williamson concluded that "Apparently, this was a multi-page declaration page with variable fields. The remaining pages of the declaration page, however, were not submitted to, or approved by, the Department."[3] Id. Although Nationwide filed an opposition and motion to strike Chism's evidence, it did not offer any contradicting evidence

---

[3] It appears from Williams' affidavit that pages 2, 3, and 4 of the four-page declarations pages have never been submitted to or approved by the Department of Insurance. The quoted excluded-driver language appears on page 2.

of its own.[4]  (Doc. 38).  Nationwide has not created a genuine issue of fact disputing Chism's evidence that these pages were not submitted for approval.

## **DISCUSSION**

Defendant Chism concedes that he was listed explicitly as an excluded driver in the exclusions provision printed on page 2 of the declarations pages of the Nationwide policy, and that he was driving a vehicle not covered by the Nationwide policy.  He acknowledges that he knew his mother expressly excluded him from coverage under the Nationwide policy.  Nonetheless, he asserts that the policy language is ambiguous and can only be read "to exclude Jeffery L. Chism from coverage only if he is <u>driving a vehicle covered by this policy</u>."  (Doc. 27, p. 4, emphasis in defendant's brief).  The defendant further asserts that the policy includes coverage for UM/UIM for "a resident relative" of the policy owner, and that it "fails to include any language excluding UM/UIM to any named excluded driver."  Finally, the defendant contends that the provision included in the policy

---

[4] As will be discussed in more detail below, Nationwide's response argued only that the court lacks subject-matter jurisdiction to consider whether the declarations page was ever approved by the Department of Insurance.  Nationwide contends that the relevant Alabama statute, <u>Ala. Code</u> § 27-14-8, does not provide a private right of action and that only the Commissioner of the Department of Insurance can bring an action for violation of the statute.  It has not disputed the factual proposition that the relevant page of the declaration page form was not approved for use by the Department of Insurance during the relevant time period.

that purports to exclude him cannot be enforced because it was not properly submitted to and approved by the Department of Insurance before being included in his mother's policy.

The issues presented are: (1) whether the exclusion language in the policy applied to the accident that gave rise to the dispute, (2) whether the exclusion is ambiguous, and (3) whether the exclusion is enforceable under Alabama law.

**1. Scope of the Policy Language**

The Nationwide policy contains the following language on "page 2 of 4" of the declarations page:

**Excluded Driver(s)**

**The following driver(s) are excluded from all coverages and all vehicles on the policy:**

Jeffrey L Chism

(Doc. 1, p. 15). The bolding of all but the name of the defendant as the excluded driver appears in the policy itself and indicates that this language is a standard part of the printed form declarations page. Except for adding the name or names of

excluded drivers, this policy language is not something that was added specially or uniquely for this particular policy.

Chism bases his argument that this declarations-page exclusion does not apply on the fact that he was driving his father's vehicle, which was insured under a Progressive policy, and not a vehicle covered under the policy at issue in this case. Chism argues that the exclusionary language on page 2 of the declarations pages must be construed along with the attached Endorsement 3000, which purported to create an excluded-driver exclusion, but itself was never completed. Only by reading the declarations page exclusion, in which he is named explicitly as an excluded driver, into Endorsement 3000 does the excluded-driver endorsement make sense. He concludes that, as read together, the exclusion applies only in circumstances when he was "operating any **motor vehicle** to which this policy applies." Because he was *not* driving a vehicle covered that the Nationwide policy, the exclusion does not apply.

Chism points to the Alabama Supreme Court decision of Reed v. Farm Bureau Mutual Casualty Ins. Co., 549 So. 2d 3 (Ala. 1989), as authority for his argument. In that case, the court dealt with a UM/UIM exclusion providing that the policy "shall not be in force and effect while any motor vehicle which would be covered by this policy is being operated by [the named insured's son]." The court

limited the application of the exclusion to the express condition precedent that the excluded driver must have been operating "any motor vehicle which would be covered by this policy." 549 So. 2d at 6. The excluded driver in Reed was driving a motorcycle, which was not a vehicle covered under the policy, when he was injured by an uninsured motorist. Thus the court found that the exclusion did not apply because its condition precedent (operating a covered vehicle) was not met. Id.

The Alabama Court of Civil Appeals revisited the Reed holding in Funderburg v. Black's Insurance Agency, 743 So. 2d 472 (1999), and looked to the policy language at issue in that contract. The exclusion at issue in Funderburg read: "NO COVERAGE IS PROVIDED FOR THE FOLLOWING EXCLUDED OPERATORS: (1) JOSEPH FUNDERBURG." 742 So. 2d at 474. The court found that, absent the condition precedent found in the contract in Reed, the terms of the exclusion were "unambiguous," and that is was "clear from the language of the exclusion that the policy provided no coverage, either uninsured-motorist or liability," to the excluded driver. Id. Similarly, in Illinois National Insurance Co. v. Castro, the state appellate court found that an exclusion that named the insured's husband failed to provide any coverage, liability or uninsured motorist, for the person excluded. 887 So. 2d 281, 284 (Ala. Civ. App. 2003). These cases follow

the black-letter law of interpreting a contract provision according to its language, and giving the language a rational and practical construction.[5]

While the uncompleted Endorsement 3000 raises questions, the court does not believe that it creates an ambiguity with respect to the express exclusion on page 2 of the declarations pages. In this case, the language of the exclusion specifically states that Jeffrey L. Chism is excluded "from all coverages." The court need look no further than that language to determine that Nationwide does not owe any duty to Jeffrey L. Chism under the policy at issue, so long as the exclusion is a valid provision of the insurance contract. Even if the court read together the exclusion on the declarations page and Endorsement 3000, such a reading would not change the express effect that defendant Chism is excluded "from all coverages" under the policy. The policy language at issue is sufficiently broad to include Chism, regardless of whether he was driving a covered vehicle, and is not ambiguous.

## 2. Enforceability of the Policy Exclusion

The only reason the court would strike from the insurance contract the language that clearly and unambiguously excludes the defendant from all coverage under the policy is if defendant's failure to comply with Alabama Code § 27-14-8

---

[5] Jeffrey L. Chism testified that he knew he was excluded from coverage under both his mother's policy and his father's policy, and admits that they told him he could not drive their cars because he was excluded. (Doc. 31-1 p. 20).

requires such a result. The defendant makes the argument, supported by the affidavit of a rate analyst for the DOI (doc. 37-3), that the exclusionary provision found on page 2 of the declarations pages was not properly submitted to the commissioner of the DOI for approval before being included in the policy. Although the defendant does not specifically argue that the provision is void and/or unenforceable, that seems to be the desired result. In response to the defendant's assertion, Nationwide, which invoked the jurisdiction of this court to declare the rights of the parties, argues that the court has no subject-matter jurisdiction to determine if the provision is enforceable under Alabama Code § 27-14-8, and that the statute does not give rise to a private cause of action.

Because the plaintiff invoked the jurisdiction of the court pursuant to the diversity of citizenship of the parties, 28 U.S.C. § 1332, to determine their rights and obligations under the contract, the plaintiff's argument that the court lacks jurisdiction to decide this issue is a puzzlement. Under the Erie Doctrine, the court is compelled to construe the provisions of the contract in accordance with Alabama law. See Bailey v. Federal Ins. Co., 214 F. Supp. 3d 1228, 1234 (N.D. Ala. 2016) ("[W]here, as here, the interpretation of a state statute is at issue, a federal court sitting in diversity must apply state substantive law."), citing Allison v. Vintage Sports Plaques, 136 F.3d 1443, 1445 (11th Cir. 1998) (citing Erie R.R. v. Tompkins,

304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). However, the court retains jurisdiction to do so, and Chism has a sufficiently concrete injury to have standing to invoke the statute. Although Nationwide's argument seems to be that, because Alabama Code § 27-14-8 does not create a private right of action by which Chism could seek a declaration that the declaration-page exclusion is non-enforceable, he lacks standing and the court lacks the power to declare its unenforceability. But as Judge Kallon has explained, "[B]ased on the holdings in Aetna Ins. Co. v. Word, 611 So. 2d 266 (Ala. 1992), Waikar v. Royal Ins. Co. of Am., Inc., 765 So. 2d 11 (Ala. Civ. App. 1999), and African Methodist Episcopal Church, Inc. v. Smith, 2016 WL 4417268 (Ala. 2016), the Alabama appellate courts have recognized that a party to an insurance contract has an action where an endorsement that is not in compliance with Alabama law restricts coverage and the endorsement's invalidity may change the scope of insurance coverage." Bailey v. Federal Ins. Co., 214 F. Supp. 3d 1228, 1239 (N.D. Ala. 2016). Accordingly, the plaintiff's assertion that the court has no jurisdiction to determine this issue is without merit.

Alabama Code § 27-14-8 states in pertinent part:

> (a) No basic insurance policy or annuity contract form or application form where written application is required and is to be made a part of the policy, or contract, or printed rider, or endorsement form or form of renewal certificate shall be delivered or issued for delivery in this state

> unless the form has been filed with, and approved by, the commissioner. This subsection shall not apply to… policies, riders, endorsements or forms of unique character designed for, and used with, relation to insurance upon a particular subject….

Alabama courts have addressed the effect of § 27-14-8 in only a few reported cases. Most directly authoritative is <u>Aetna Insurance Co. v. Word</u>, 611 So. 2d 266 (Ala. 1992), in which the Alabama Supreme Court held that an exclusion in a liability policy was "a nullity" and that "[c]overage cannot be defeated or denied based on an unapproved Endorsement." 611 So. 3d at 267. The policy at issue in <u>Word</u> was a liability policy issued by Aetna to an ambulance service. The ambulance service had been sued by a volunteer who was injured in an accident while riding in the ambulance. She received a judgment against the ambulance service and filed a garnishment proceeding against Aetna to collect the judgment from liability insurance carrier. Aetna denied any coverage, relying upon an endorsement that had been offered as part of the "complete and certified copy" of the insurance policy. 611 So. 2d at 266. The judgment defendant (Aetna's insured) asserted that the endorsement had not, at the time of the accident, been accepted or approved for use in the State of Alabama. The trial court rejected the application of the exclusionary

language on the basis of § 27-14-8, and the state supreme court affirmed. 611 So. 2d at 269.

The Alabama Court of Civil Appeals also has recognized that where there is substantial evidence that an endorsement has not been "preapproved" by the DOI, the endorsement is "void and invalid" under § 27-14-8. See Wiakar v. Royal Insurance Co. of America, Inc., 765 So. 2d 11, 15 (Ala. Civ. App. 1999)(declining to nullify the provision where the DOI was simply "unable to verify, one way or the other," whether the provision had been approved), but see African Methodist Episcopal Church, Inc., v. Smith, ___ So. 3d ___, 2016 WL 4417268 (Ala. 2016) (interpreting § 27-14-8 as requiring the state DOI to have approved the form itself, but not a specific company's use of the form). Again, as Judge Kallon summed up the law in this area, "[I]t is clear that Alabama courts have strictly interpreted the filing requirement of § 27–14–8," and an insurer can avoid its application only, "if it can establish that it is exempt from the filing requirement or has some other valid defense." Bailey v. Federal Ins. Co., 214 F. Supp. 3d 1228, 1239 (N.D. Ala. 2016)

In response to the defendant's argument that the policy language is a nullity under § 27-14-8, Nationwide has not offered any evidence that the exclusionary language it relies on (that found on page 2 of the declarations page) had received the approval of the DOI, or that the affidavit presented Chism in support of his argument

17

is in any way inaccurate. Instead, Nationwide argues that only the DOI can bring an action based on a violation of the code section. However, as already noted, Judge Kallon has rejected that assertion, holding that "Alabama appellate courts have recognized that a party to an insurance contract has an action where an endorsement that is not in compliance with Alabama law restricts coverage and the endorsement's invalidity may change the scope of insurance coverage." Bailey v. Federal Ins. Co., 2016 WL 5724768 *7 (N.D. Ala. Sept. 30, 2016).

As in Word, the defendant has offered substantial evidence that the policy exclusion provision on which Nationwide relies was not submitted to the DOI for approval. Nationwide has not established, or even argued, that it is exempt from the filing requirement. See, *e.g*., Bailey, 2016 WL 5724768 at *7. Alabama law instructs that such a provision is thus a nullity, and cannot be enforced.[6]

---

[6] The defendant further asserts that the only exclusionary language that could be relied upon by Nationwide would be "Endorsement 3000," which is attached to the defendant's supplemental response. (Doc. 37-6). The provision urged by the defendant states that the "coverage provided in this policy are not in effect while [the excluded driver] is/are operating any motor vehicle to which the policy applies." While this endorsement had been approved by the DOI, it is essentially the same as the exclusion at issue in Reed, where the Alabama Supreme Court concluded that it applied only when the claimant was operating a covered vehicle. Because Chism was not driving a vehicle covered by Nationwide's policy, the condition of the exclusion was not met and does not limit the coverage claimed by him.

## CONCLUSION

Based upon the foregoing undisputed facts and legal conclusions, the court finds that the exclusion relied upon by the plaintiff is unenforceable and, therefore, the court's *sua sponte* motion for summary judgment is due to be denied.

Plaintiff's motions to strike (Docs. 33 and 38) are DENIED.

Done this 7th day of July, 2017.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE